**MORGAN, LEWIS & BOCKIUS LLP**
Melissa D. Hill
   101 Park Avenue
   New York, NY  10178-0060
   T:  212.309.6318
   F:  212.309.6001
   Melissa.Hill@morganlewis.com
Tyler J. Hill
   1717 Main Street, Ste. 3200
   Dallas, TX  75201-7347
   T:  214.466.4160
   F:  214.466.4001
   Tyler.J.Hill@morganlewis.com

*Attorneys for Plaintiff*,
*Princeton University Retirement Plan*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRINCETON UNIVERSITY RETIREMENT PLAN, | Case No. 3:23-CV-01501 |
| Plaintiff, | *Electronically Filed* |
| v. | |
| ESTATE OF JEROME F. ANDRZEJEWSKI, DENIS ANDRZEJEWSKI, ROBERT MOSES, | **INTERPLEADER COMPLAINT** |
| Defendants. | |

Plaintiff Princeton University Retirement Plan (the "PURP") hereby alleges:

## NATURE OF SUIT

1. This is an Interpleader action pursuant to Federal Rule of Civil Procedure 22, in which the PURP seeks an Order (a) determining the appropriate beneficiary of proceeds of a retirement account (the "Account") that is maintained under the PURP, a qualified defined contribution plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); (b) permitting the PURP to maintain the proceeds until the Court determines the appropriate beneficiary, at which time the PURP shall distribute the proceeds in

accordance with the Court's direction; and, (c) dismissing the PURP from this action and releasing it from any and all liability arising from, or relating to, distribution of those proceeds.

2. Defendants the Estate of Jerome F. Andrzejewski (the "Estate") and Robert Moses ("Mr. Moses") assert competing claims to proceeds held in the Account of a deceased PURP participant, Jerome F. Andrzejewski ("Decedent").

3. The PURP maintains no beneficial interest in, or claim to, the disputed proceeds.

4. Absent an Order from the Court discharging the PURP from the case and releasing it from any and all liability so that the Court can thereafter make a determination as to the respective rights of the Defendants as to disputed proceeds, the PURP will be exposed to multiple liabilities as a result of the competing claims.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the PURP is governed by ERISA. *See Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3d Cir., 2007) ("[O]ur sister courts of appeals have recognized that an interpleader 'arises under' federal law when brought by an ERISA fiduciary against competing claimants to plan benefits. We agree with these courts.").

6. Venue properly lies in this Court pursuant to Section 13.7 of the PURP, which provides that the U.S. District Court for the District of New Jersey is the appropriate venue for litigation of claims relating to the PURP. Further, the PURP is administered and the stake is held in New Jersey, and thus venue in this Court is proper under 28 U.S.C. §1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this judicial district.

**PARTIES**

7. The PURP is a defined contribution plan governed by ERISA.

8. Defendant Estate is administered on behalf of Decedent, a deceased individual who participated in the PURP and maintained an account in the PURP. Joshua Andrzejewski ("Joshua") serves as executor of the Estate.

9. Defendant Denis Andrzejewski ("Denis") is Decedent's brother and, upon information and belief, is the beneficiary of the Estate.

10. Defendant Mr. Moses was, upon information and belief, a friend of Decedent.

**FACTUAL BACKGROUND**

11. Decedent was employed by Princeton University from on or about July 31, 1978 until his retirement on September 1, 2010.

12. Decedent participated in two retirement plans administered by Princeton University: (i) the PURP, and (ii) the Pension for Bi-Weekly Payroll Employees of Princeton University (the "Pension Plan").

13. Decedent maintained an account under the PURP (the "Account"), which, as of March 16, 2023, contained approximately $280,415.99 in assets, which are presently invested in the Cref Global Equities RF Mutual Fund (the "Proceeds").

14. On December 8, 1993, Decedent executed documentation designating Mr. Moses as Decedent's sole beneficiary of the Account. Decedent never changed his beneficiary designation for the Account.

15. In 2000, the University terminated the Pension Plan and distributed all benefits maintained thereunder to participants. Participants could elect either to receive a cash

distribution of their Pension Plan benefits, or to rollover those benefits to an individual retirement account ("IRA") or another employer's qualified retirement plan.

16. In May 2000, Decedent opened an IRA, rolled over his Pension Plan benefits to the IRA, and designated Denis as beneficiary of the IRA.

17. Decedent retired from Princeton University in September of 2010.

18. Decedent passed away on April 21, 2021.

19. Section 8.6(a) of the PURP provides, in relevant part: "Each Participant shall designate a Beneficiary or Beneficiaries who shall receive amounts payable upon the Participant's death prior to the Benefit Payment Date […]  A Participant's Beneficiary designation, or any change to such designation, shall be made in writing in such form, and subject to such restrictions, as may be prescribed by the Administrative Committee or the terms of any applicable Contract."

20. On July 27, 2021, the Estate contacted the PURP's recordkeeper, TIAA-CREF, regarding disbursement of the Proceeds.  By way of letter dated August 11, 2021, TIAA-CREF responded that while Denis is beneficiary of the IRA, Mr. Moses is beneficiary of the Account in which the Proceeds are held.

21. On August 19, 2021, the Estate made a claim for benefits under the PURP.  The Estate, through its counsel, alleged that notwithstanding Decedent's designation of Mr. Moses as beneficiary of the Account, Decedent's subsequent designation of Denis as beneficiary of the IRA establishes that Decedent intended to leave the Proceeds of the Account to Denis.

22. On September 13, 2021 the Estate contacted the PURP and, in further support of its claim for benefits, wrote: "decedent in 2000 filled out forms (enrollment and beneficiary) intending that his brother, Denis John Andrzejewski, be the beneficiary of the [PURP Account]"

and "the 2000 beneficiary designation forms [for the IRA] supersedes the 1993 beneficiary form [for the PURP Account]." The Estate further alleged that Decedent had informed his family and his estate planning attorney that "all of his benefits from Princeton University are designated to pass to his brother and because of this, he wanted to coordinate his Will to do the same." Upon information and belief, Decedent's Will designates Denis as the sole residuary heir of the Estate.

23. By way of letter dated October 11, 2021, the PURP denied the Estate's claim for benefits. The PURP's denial noted that Mr. Moses is Decedent's sole designated beneficiary of the Account and that Decedent's designation of Denis as beneficiary of the IRA (into which the Pension Plan benefits were rolled over) did not impact Decedent's designation of Mr. Moses as his beneficiary under the PURP.

24. On December 10, 2021, the Estate appealed the decision denying its claim for benefits. In its appeal, the Estate disputed the PURP's position that designation of Denis as beneficiary of the IRA is unrelated to administration of the Account under the PURP. The Estate requested: "**At a minimum, the [PURP's] plan administrator should interplead this matter in a court of competent jurisdiction so that the Estate has the assurance that a proper decision has been rendered.  Interpleader is routinely used in similar matters**."

25. The PURP denied the Estate's administrative appeal by way of correspondence dated February 3, 2022, noting again that Mr. Moses is Decedent's sole beneficiary designated under the PURP.

26. On April 21, 2022, the Estate informed counsel for the PURP that the Estate and Mr. Moses were in communication regarding settlement. On June 29, 2022, the Estate informed the PURP that the "parties are still working on a settlement."

27. On January 24, 2023, counsel for the Estate sent an email to counsel for the PURP -- copying counsel for Mr. Moses -- advising that the parties were unable to reach a resolution and requesting that "**the [PURP] proceeds should be interplead so that the court can order payment accordingly**."

28. The PURP has not distributed the Proceeds either to the Estate or to Mr. Moses.

29. Based on the information and allegations presented, the PURP cannot determine the appropriate beneficiary for the Account or otherwise who is entitled to the Proceeds.

30. If the PURP paid the benefits to the Estate, Mr. Moses may claim that the payment was improper and that Mr. Moses is the beneficiary entitled to the Proceeds.

31. If the PURP paid the benefits to Mr. Moses, the Estate may claim that the payment was improper and that the Estate should be entitled to the Proceeds.

32. Defendants have asserted competing claims to the Account, and they request commencement of this Interpleader action to determine the appropriate beneficiary of the Proceeds.

## COUNT I

## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

33. The PURP incorporates by reference all of the preceding paragraphs as though fully set forth herein.

34. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the PURP is exposed to double or multiple liabilities as a result of competing claims.

35. There exists a dispute between the Estate and Mr. Moses as to the proper beneficiary or beneficiaries of the Proceeds. Specifically, Mr. Moses alleges the Proceeds should be disbursed to him as the designated beneficiary on the Account, whereas the Estate contends

that Decedent's subsequent designation of Denis as beneficiary of the IRA into which the Pension Plan benefits were deposited, together with Decedent's alleged verbal representations that he desired disbursement to Denis of all of his retirement benefits, renders the Estate (for which Denis is the sole beneficiary) the proper beneficiary of the Account.

36. The respective claims as to the Proceeds are, therefore, adverse and conflicting: both the Estate and Mr. Moses claim entitlement to the stake.

37. The PURP is a disinterested stakeholder and asserts no beneficial interest in, or claim to, the Proceeds.

38. Due to the adverse and competing claims between and among the Defendants relating to the Proceeds, the PURP cannot safely determine which Defendant(s) is/are rightfully entitled to the Proceeds and, therefore, the PURP has a real and reasonable fear that it could be "expose[d] … to double or multiple liability" for a singular obligation to pay the Proceeds to the appropriate beneficiary of the Account.  Fed. R. Civ. P. 22(a)(1).

39. The PURP is an innocent and disinterested party that is ready and willing to pay the Proceeds to the person and/or entity entitled to them but is unable to make that determination without exposing itself to double or multiple liability due to the competing claims made by Defendants.  The PURP cannot make any disbursements of the Proceeds unless, and until, the Court issues a determination of the respective interests in such funds.

40. The PURP hereby offers to continue to hold the Proceeds in trust until the Court determines the proper beneficiary, at which time the PURP will disburse the Proceeds accordingly.

41. The PURP has no means other than this action to protect itself against the competing claims made by Defendants to the Proceeds.

42. The costs of this interpleader action should not be incurred by the PURP and instead should be assessed against the Proceeds. Accordingly, the PURP should be allowed to seek reimbursement of any costs of this suit out of the Proceeds prior to the release of any such funds to any of the Defendants.

**WHEREFORE**, the PURP requests that the Court enter judgment:

1. Requiring Defendants and all other individuals or entities claiming a right to the Proceeds to appear and assert their respective claims thereto, if any, and their respective rights, if any, as a consequence of this action;

2. Determining the appropriate beneficiary(ies) to whom the Proceeds should be paid;

3. Releasing and discharging the PURP from any and all liability arising out of or relating to the matters herein set forth and dismissing with prejudice the PURP from this case, upon ordering the PURP to disburse the Proceeds in accordance with an Order by this Court at the conclusion of this action;

4. Restraining and enjoining Defendants and all other interested persons or entities from instituting or pursuing any proceedings in any court, federal or state, or other forum against the PURP regarding entitlement to the Proceeds;

5. Awarding the PURP its reasonable counsel fees and costs incurred from bringing this action; and

6. Awarding the PURP any such other and further relief as the Court may deem proper.

|  |  |
|---|---|
|  | **MORGAN, LEWIS & BOCKIUS, LLP** |
| Dated: March 17, 2023 | /s/    *Melissa D. Hill*  _<br>Melissa D. Hill<br>101 Park Avenue<br>New York, NY  10178-0060<br>T:  212.309.6318<br>F:  212.309.6001<br>Melissa.Hill@morganlewis.com<br>    - and -<br>Tyler J. Hill<br>1717 Main Street, Ste. 3200<br>Dallas, TX  75201-7347<br>T:  214.466.4160<br>F:  214.466.4001<br>Tyler.J.Hill@morganlewis.com<br><br>*Counsel for Plaintiff*,<br>*Princeton University Retirement Plan* |