**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRINCETON UNIVERSITY RETIREMENT PLAN**, <br><br> Plaintiff, <br><br> v. <br><br> **ESTATE OF JEROME F. ANDRZEJEWSKI,** *et al.*, <br><br> Defendants. | Civil Action No. 23-1501 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Summary Judgment (the "Moses Motion," ECF No. 39) filed by Defendant Robert Moses ("Moses"). Moses submitted a brief in support of the Motion. ("Moses Br.," ECF No. 39-1.) Defendants Denis Andrzejewski ("Denis") and the Estate of Jerome F. Andrzejewski (the "Estate") filed a Cross Motion for Summary Judgment (the "Cross Motion," ECF No. 43) and an accompanying brief (the "Cross Motion Br.," ECF No. 43-1.) Thereafter, Moses filed a Reply Brief in further support of his motion and in opposition to the Cross Motion. ("Reply Br.," ECF No. 44.)

    The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Moses Motion, **DENY** the Cross Motion, and enter **JUDGMENT** in favor of Moses and against Denis and the Estate.

1

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Decedent Jerome Andrzejewski ("Decedent") was employed by Princeton University from July 1978 until his retirement in September 2010. (Compl. ¶ 11; Moses Statement of Undisputed Material Facts ("MSUMF") ¶ 1.) While employed by Princeton University, Decedent participated in two retirement plans administered by the University: (1) the Princeton University Retirement Plan ("PURP"); and (2) the Pension for Bi-Weekly Payroll Employees of Princeton University (the "Pension Plan"). (Compl. ¶ 12; MSUMF ¶ 2.)

On December 8, 1993, Decedent executed documentation designating Moses as Decedent's sole beneficiary of Decedent's PURP account. (Comp. ¶ 14; MSUMF ¶ 4, Ex. 1.) Decedent never changed his beneficiary designation for his PURP account. (*Id.*)

In 2000, the University terminated the Pension Plan. (Compl. ¶ 15; MSUMF ¶ 5.) Thereafter, the University distributed all benefits maintained under the Pension Plan to participants, who could either elect to receive a cash distribution or roll over those benefits to an individual retirement account ("IRA") or another employer's qualified retirement plan. (*Id.*) Decedent opened an IRA, rolled over his Pension Plan benefits to the IRA, and designated his brother Denis as the IRA's beneficiary. (Compl. ¶ 16; MSUMF ¶ 6.)

Decedent retired from Princeton University in September 2010. (Compl. ¶ 17, MSUSF ¶ 7.) Decedent passed away shortly thereafter in April 2021. (Compl. ¶ 18; MSUMF ¶ 8.)

On July 27, 2021, the Estate contacted PURP's recordkeeper, TIAA-CREF, regarding disbursement of the proceeds in Decedent's PURP account. (Compl. ¶ 20; MSUMF ¶ 11.) TIAA-CREF responded, indicating that, while Denis is the beneficiary of Decedent's IRA, Moses is the beneficiary of Decedent's PURP account. (*Id.*)

2

Section 8.6(a) of the PURP provides: "Each Participant shall designate a Beneficiary or Beneficiaries who shall receive amounts payable upon the Participant's death prior to the Benefit Payment Date . . . A Participant's Beneficiary designation, or any change to such designation, shall be made in writing in such form, and subject to such restrictions, as may be prescribed by the Administrative Committee or the terms of any applicable Contract." (Compl. ¶ 19; MSUSF ¶ 9, Ex. 4.) Additionally, the PURP Summary Plan Description addresses the proper procedure for a participant to designate a beneficiary:

> **Naming a Beneficiary**
>
> The TIAA-CREF enrollment form has a section for you to designate a beneficiary (ies).  If you should die prior to the payment of your benefit from the Plan, the beneficiary (ies) you named will receive the amount of your accumulation.  If you die without having named a beneficiary and you are married at the time of your death, your spouse will automatically receive your accumulation. . . . If you are not married and do not designate a beneficiary, your estate will receive the entire accumulation.
>
> You may change your beneficiary designation at any time prior to receipt of your benefit payments.  If you are married, your spouse must consent in writing if you elect a non-spouse beneficiary or a form of payment other than a two-life annuity with your spouse as your annuity partner.  This consent must be witnessed by a notary public or a Plan Administrator.  Special rules apply with respect to designating your beneficiary for death benefits if you die before your benefits are paid.  You should review your beneficiary designation periodically to make sure the person(s) you want to receive the benefit is properly designated.  You may change your beneficiary by completing the *Designation of Beneficiary* form, available from TIAA-CREF[.]

(MSUSF ¶ 10, Ex. 5 (emphasis in original)).

No change of beneficiary form was executed by Decedent with regard to his PURP account subsequent to December 8, 1993 and prior to his death. (Compl. ¶ 25; MSUSF ¶ 14.)

## II. SUBJECT MATTER JURISDICTION

The retirement plan at issue in this dispute is an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Both parties move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.*

"The same standards and burdens apply on cross-motions for summary judgment." *Allah v. Ricci*, 532 F. App'x 48, 50 (3d Cir. 2013) (citing *Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987)). "When both parties move for summary judgment,'[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (quoting 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2720 (3d ed. 2016)). In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49.

## IV. DISCUSSION

Moses and Denis and the Estate all move for summary judgment.

4

In the Moses Motion, Moses argues that Decedent executed a beneficiary designation form for his PURP proceeds in favor of Moses in December 1993. (Moses Br. at 2.) Because Decedent did not complete a second beneficiary designation form assigning a different individual as beneficiary before his death, Moses asserts he is entitled to the PURP proceeds. (*Id.* at 2–6.)

In the Cross-Motion, Denis and the Estate request that the Court impose a constructive trust on the basis that Decedent intended to amend his beneficiary designation to include Denis in place of Moses. (Cross Motion Br. at 2, 10–13.) The Cross Motion argues that Decedent signed beneficiary forms related to other accounts that Decedent possessed with the University, thus manifesting an intent to also change Decedent's chosen beneficiary of his PURP account. (*Id.* at 13.) Additionally, the Cross Motion asserts that Decedent told his estate counsel that he believed Denis was the beneficiary of his retirement benefits. (*Id.* at 12.)

Based on the facts construed in the light most favorable to Denis and the Estate, even if the Decedent intended to change the beneficiary of his PURP account, Decedent did not strictly comply with PURP directives pertaining to changing account beneficiaries.

A.     **THE SUPREME COURT'S DECISION IN *KENNEDY***

Here, the Court is guided by the Supreme Court's instruction in *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009). In *Kennedy*, an employee participated in an ERISA employee pension benefit plan and designated his wife as the sole beneficiary. *Id.* at 289. After the designation, the couple divorced, and the wife agreed to waive her interest in her husband's pension plan. *Id*. However, the husband died without making any amendments to the pension plan documents to replace his ex-wife as the designated beneficiary. *Id*. The husband's estate claimed a right to the plan proceeds, citing the ex-wife's waiver. *Id*. at 290. The plan administrator, however, relied on the husband's beneficiary

5

designation form and paid the funds to the ex-wife. *Id*. The husband's estate then sued the plan administrator to recover the benefits. *Id*.

The Supreme Court held that the ex-wife's waiver "did *not* constitute an assignment or alienation rendered void [by ERISA's anti-alienation provision]" and therefore was not invalidated by ERISA. *Id.* at 297 (emphasis added). The Court declared that a plan administrator is "obliged to act 'in accordance with the documents and instruments governing the plan,'" and that "ERISA provides no exemption from this duty when it comes time to pay benefits." *Id.* at 300 (quoting 29 U.S.C. § 1104(a)(1)(D)). Thus, the plan administrator "did its statutory ERISA duty by paying the benefits to [the ex-wife] in conformity with the plan documents." *Id.* at 299–300. In adopting this "plan documents rule," the Court emphasized the desirability of a "straightforward rule of hewing to the directives of the plan documents." *Id.* at 300.

> The point is that giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: "simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules."

*Id.* at 301 (quoting *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 283 (7th Cir. 1990) (Easterbook, J., dissenting)).

The *Kennedy* Court rejected "less certain rules" because "[p]lan administrators would be forced 'to examine a multitude of external documents that might purport to affect the dispensation of benefits.'" *Id.* at 301 (quoting *Altobelli v. IBM Corp.*, 77 F.3d 78, 82–83 (4th Cir. 1996) (Wilkinson, C.J., dissenting)).

6

### B. DECEDENT'S BENEFICIARY DESIGNATION

Here, it is undisputed that Decedent executed a beneficiary designation form naming Moses as beneficiary of Decedent's PURP account in December 1993. The PURP Summary Plan Description instructs that participants can change their beneficiary "by completing the *Designation of Beneficiary* form." (Moses Motion Br. at 3.) Neither party provides evidence that a subsequent beneficiary designation form was executed by Decedent before his death. Instead, Denis insists that the Decedent "specifically told his estate planning counsel shortly before his death that Denis was the sole beneficiary of all his retirement benefits" and that ruling in favor of Moses would be "contrary to [Decedent's] stated intent" and "unjust." (Cross Motion Br. at 1, 2.)

Because Denis and the Estate cannot offer any facts to contradict the fact that Decedent never submitted a second beneficiary designation form, Denis and the Estate speculate that Decedent intended to amend his beneficiary designation for his PURP account, as evidenced through execution of forms relating to another entirely separate account and statements to his estate planning attorney. But the *Kennedy* Court foreclosed any inquiry into the parties' intents and desires. *Kennedy*, 555 U.S. at 301. The Court need not consider these arguments, as Denis and the Estate have not established that Moses amended the beneficiary of his PURP proceeds in accordance with PURP directives.

### C. CONSTRUCTIVE TRUST

Denis and the Estate ask the Court to impose a constructive trust and designate the PURP proceeds to Denis and the Estate. Denis and the Estate, however, are not entitled to a constructive trust.

Under New Jersey law, a constructive trust may be imposed when a wrongful act causes property to come into the recipient's hands and the recipient would be unjustly enriched if allowed

to retain it. *Thompson v. City of Atlantic City*, 386 N.J. Super. 359 (N.J. Super. Ct. App. Div. 2006). "Generally[,] all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence . . . which has resulted in a transfer of property." *D'Ippolito v. Castoro*, 51 N.J. 584, 589 (1968).

      Here, no party argues that Decedent's designation of Moses as beneficiary of his PURP proceeds stems from a mistake or some other wrongful act. In fact, Denis and the Estate concede that Decedent's designation of Moses followed proper procedure. (Cross Motion Br. at 4, 10, 12–13.) Denis and the Estate claim that Moses was only named the beneficiary because, at the time Decedent filled out the beneficiary designation form, Decedent and Denis were estranged. (*Id.* at 1, 4, 12.) This, however, constitutes neither a mistake nor a wrongful act. As such, Denis and the Estate's request for a constructive trust cannot be entered.[1]

---

[1] The Cross Motion extensively recounts the relationship between Denis and Decedent and compares Denis's circumstances to Moses's. (Cross Motion Br. at 2–3, 5, 6, 8–10.) Notably, Denis and the Estate cite to no authority supporting their theory that a named beneficiary designation can be put aside because one party claims they are a more deserving recipient. As such, the Court disregards this argument.

## V. CONCLUSION

Moses is entitled to judgment in his favor. He was designated as the beneficiary of Decedent's PURP proceeds and Decedent never amended his beneficiary designation in accordance with PURP's requirements. For the reasons stated above, the Court will **GRANT** the Moses Motion (ECF No. 39), **DENY** the Cross Motion (ECF No. 43), and enter **JUDGMENT** in favor of Moses and against Denis and the Estate. An appropriate Order will follow.

Date: November 18, 2025

                                                     s/ Zahid N. Quraishi
                                                    **ZAHID N. QURAISHI**
                                                    **UNITED STATES DISTRICT JUDGE**